In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00060-CR


______________________________




CAROLYN JACKSON COMPTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 27111-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 After a hearing on the State's amended application for adjudication of guilt and revocation
of probation, the trial court found Compton guilty and sentenced her to sixteen years confinement
in the Texas Department of Criminal Justice. Compton brings this appeal, claiming the trial court
erred by not administering a substance abuse evaluation before sentencing.

 On March 27, 2000, the trial court found Compton guilty of aggravated assault with a deadly
weapon. However, the court deferred final adjudication and placed Compton on probation for a
period of ten years. As a condition to her probation, Compton was required to report to her probation
officer once a month, notify her probation officer of any address changes, and abstain from drinking
any alcoholic beverages or using any unlawfully controlled substances. Compton failed to comply
with the foregoing conditions of her probation, and the court formally adjudicated her guilt. 
Immediately after adjudicating guilt, the court sentenced Compton to sixteen years imprisonment. 
 On appeal, Compton complains the trial court erred by not complying with the Texas Code
of Criminal Procedure article 42.12 § 9(h), which provides in pertinent part: 

 [o]n a determination by the judge that alcohol or drug abuse may have contributed
to the  commission  of  the  offense,  .  .  .  the  judge  shall  direct  a  supervision
officer . . . to conduct an evaluation to determine the appropriateness of, and a course
of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report
that evaluation to the judge. The evaluation shall be made . . . (2) after conviction
and before sentencing, if the judge assesses punishment in the case . . . .


Tex. Code Crim. Proc. Ann. art. 42.12 § 9(h) (Vernon Supp. 2003). As evidenced by the language
in the statute, the trial court must make a determination that drugs or alcohol contributed to the
commission of the offense before an evaluation would be required. Id. On two occasions, Compton
made reference to her substance abuse problems. Specifically, Compton testified that if she were
reinstated and placed back on probation she would request to be placed in a treatment program. 
Compton also argued that her problems stemmed from chemical dependency and she should be dealt
with on a community level. However, Compton did not request a determination that substance
abuse contributed to the underlying offense, and the court did not make a determination on its own
initiative. 

 Notwithstanding the fact that Compton did not meet the prerequisites of article 42.12, this
issue has not been preserved for appellate review. Compton failed to make a timely objection to the
trial court's alleged error. As a result, Compton waived her right to complain about the absence of
an evaluation on appeal. Tex. R. App. P. 2 (to preserve error for review a timely objection must be
made stating specific grounds for objection and a ruling must be obtained). Therefore, we may not
address this issue and overrule the contention.

 For the reasons stated, we affirm the judgment of the trial court. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 5, 2002

Date Decided: December , 2002


Publish/Do Not Publish



0;                                                                 Justice

Date Submitted:      January 11, 2006
Date Decided:         January 12, 2006

Do Not Publish